TilgiimAn C. J.
This is an indictment for a forcible entry and detainer. Two of the defendants were found guilty of the forcible detainer.- They were all acquitted of the forcible entry. The indictment sets forth a forcible entry, into a messuage and ten acres of land, and an expulsion from the messuage only; but it afterwards avers, that the defendants, with force and arms and a strong hand, kept out the said Moses Kirkpatrick et al. both from the messuage and land. A forcible entry, and a forcible detainer, are distinct offences, and although both are charged in the same indictment, the defendants may be acquitted of one, and convicted, of the other. So, if one is defectively set out. and the other well, he may be convicted on that which is'well. The only question then is, whether this indictment charges ,a forcible detainer ? There may be a forcible detainer, though the entry was peaceable. It is sufficient, if it appear that the party grieved was forcibly kept out of possession, and it sufficiently appears by this indictment, that Kirkpatrick was forcibly kept out of the possession, both of the messuage and the land. I am therefore of opinion, that judgment should have been given against those defendants, who were convicted of the forcible detainer, and restitution, both of the messuage and land awarded to Moses Kirkpatrick. The judgment should therefore be reversed, and the record sent back to the court of Common Pleas, with directions to proceed to judgment, and award restitution both of the messuage and ten acres of land.
Yeates J.
The forcible and unlawful entiy of these plaintiffs in error, into the messuage and ten acres of land in the peaceable possession of Moses Kirkpatrick, the lessee for years, is correctly laid, although from a clerical error the expulsion is stated as to .the messuage only. The forcible detainer is a distinct offence, which, if sufficiently stated, a judgment may be rendered thereon, notwithstanding the count for forcible entry should be adjudged defective. Here it is charged., that the defendants, from the day laid, until the day of taking the inquisition, from the possession of the said *126 messuage and ten acres of arable land, with force and arms, and with a strong hand, unlawfully and injuriously then and there did keep out, and still do keep out, so that the forcible detainer is laid with all the precision which the law requires, from a view of the precedents to which we have access here. The defendants below have been severally acquitted of the forcible entry, but two of them have been convicted of the forcible detainer as charged, and I see no legal reason why they should not be sentenced to pay a fine and make restitution of the premises, forcibly and unlawfully detained.
I am therefore of opinion, that the judgment of the court of Quarter Sessions be reversed, and the record remitted to them, to pass the proper sentence on them.
Brackenridge J. concurred.
Judgment reversed.